**ALBATROSS TANKER CORPORATION, as Owner of Steamship ERNA ELIZABETH, Libelant-Appellee,**

**v.**

**SS. AMOCO DELAWARE and American Oil Company, Respondents-Appellants.**

**AMERICAN OIL COMPANY, as Owner of the SS. AMOCO DELAWARE, Libelant-Appellant,**

**v.**

**SS. ERNA ELIZABETH, her engines, etc., and Albatross Tanker Corporation, Respondents-Appellees.**

**Nos. 508, 509, Dockets 33035, 33036.**

United States Court of Appeals Second Circuit.

By Motion Submitted Sept. 27, 1969.

Decided Nov. 3, 1969.

See also 2 Cir., 415 F.2d 692.

Burlingham, Underwood, Wright, White & Lord, New York City. (Eugene Underwood, Kenneth H. Volk, and Frank L. Wiswall, Jr., New York City), for appellees for the motion.

Before MOORE, FRIENDLY, and HAYS, Circuit Judges.

PER CURIAM:

Appellees move for an order allowing their printing costs in full as taxable under Federal Rules of Appellate Procedure, rule 39(c). The Clerk of the Court, believing that 28 U.S.C. § 1923(c) still applies, would limit the costs for the printing of the brief as provided in said section to $75 whereas the amount actually paid for printing of appellees' brief is $889.09. Under the new Federal Rules of Appellate Procedure, effective July 1, 1968, the subject of costs is covered by Rule 39. Rule 39(c) provides as taxable cost:

"The cost of printing or otherwise producing necessary copies of briefs, appendices, or copies of records * *."

The Enabling Act (28 U.S.C. § 2072) which empowered the Supreme Court to promulgate the new Rules provides:

"All laws in conflict with such rules shall be of no further force and effect after such rules [take] effect."

It would thus appear that 28 U.S.C. § 1923(c) has been superseded by Rule 39(c). Therefore, Section 1923 no longer applies and we must look to Rule 39(c) for the awarding of costs.

Appellees' bill of costs is allowed in full as authorized by Rule 39.